UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In Re:                                                                Chapter 7
                                                                      Case No.: 804-82632-511
MICHAEL N. MOROKNEK,


                              Debtor.                                 Hon. Melanie L. Cyganowski

------------------------------------------------------------------X

MARC A. PERGAMENT, Trustee of the Estate
of Michael N. Moroknek,

                              Plaintiff,                              Adv. Proc. No.:

          -against-

VIVIAN MOROKNEK,

                              Defendant.
------------------------------------------------------------------X
VIVIAN MOROKNEK,

                              Third-Party Plaintiff,

          -against-                                                  __THIRD-PARTY COMPLAINT__

MICHAEL N. MOROKNEK,

                              Third-Party Defendant.
------------------------------------------------------------------X

      Defendant, VIVIAN MOROKNEK, by her attorney, GLENN J. INGOGLIA, ESQ. (GI

1655), an attorney duly admitted to practice law before the Courts of the State of New York

and the Federal Courts of the Southern and Eastern Districts of New York, does allege the

following as against the Debtor, MICHAEL N. MOROKNEK, upon information and belief:

-1-

## JURISDICTION AND VENUE

1. This Third-Party Complaint is commenced pursuant to 11 U.S.C. 727, F.R.B.P. Rules 7001, 7014 and F.R.C.P. Rules 7, 8, 9, 10, 11 and 14.

2. This Court has subject matter jurisdiction over this proceeding pursuant to U.S.C. § 157(a) and § 1334(b).

3. This Court has venue pursuant to 28 U.S.C. 1409(a).

4. The Third-Party Complainant is objecting to the Discharges being sought by the Debtor and/or objecting to the dischargeability of particular debts of the debtor.

5. The claim for relief in this proceeding is a "core proceeding" within the meaning of U.S.C. § 157(b)(2).

## FACTUAL ALLEGATIONS

6. Since September 2001, Ms. Moroknek and the Debtor have been embroiled in a "bitter" Divorce action still pending in the Supreme Court of the State of New York, County of Nassau, with the Index Number 203423/01.

7. The unresolved issues in the divorce action pertain to dissolution of the marriage, equitable distribution and support and maintenance.

8. The Debtor and Ms. Moroknek were married in 1984. They do not have any children, but own a home by the entirety. Said home is located at 11 Grove Place, Northport, New York 11768.

9. In December 2002, Ms. Moroknek, was awarded Pendente Lite relief from the State Court in her Divorce action. Pursuant to the Pendente Lite Order the Debtor,

MICHAEL MOROKNEK, was to pay Ms. Moroknek maintenance, as well as the mortgage on the marital residence, utility bills and maintenance arrears.

10. On February 27, 2004, a Contempt Hearing was held in the Supreme Court of the State of New York, County of Nassau. The Hon. Joseph A. DeMaro, J.S.C. presided over said hearing. At issue was the Debtor's failure to meet his obligations pursuant to the Pendente Lite Order.

11. On February 27, 2004, after the Contempt Hearing was held, the debtor and Mrs. Moroknek outlined a stipulation on the record whereby amongst other things, the Debtor would transfer all his interest in the marital home to Mrs. Moroknek.

12. The case was adjourned several times and a new date of April 21, 2004 was scheduled for either the entering of a stipulation of settlement or should the parties not agree, the entering of the decision with regard to the contempt proceeding.

13. Upon information and belief, the Debtor knew that if he did not settle the divorce case by April 21, 2004, he would likely be sentenced to jail for contempt.

14. On April 20, 2004, the debtor filed the Bankruptcy Petition now before the Court in order to thwart the State Court's decision to incarcerate the Debtor for contempt.

15. On April 22, 2004, the State Court issued an order finding the Debtor in contempt because, in the State Court's view, the Debtor "obfuscated his income . . . and has done so during the course of the trial of this matter by among other things invoking his privilege against self incrimination as to a past tax return."

16. Upon information and belief, the Debtor has filed for Bankruptcy in order to prevent his incarceration pursuant to the contempt order issued in the State Court.

-3-

## OBJECTIONS TO DISCHARGES

17.    Mrs. Moroknek objects to Debtor's seeking a discharge of his debt to Citibank in the alleged amount of $4,763.91 plus interest and late fees.  (See Schedule F of Debtor's Petition).

18.    Upon information and belief, Mrs. Moroknek is a co-owner of this account, and if the debtor is discharged, she would be solely responsible for payment of this bill.

19.    Mrs. Moroknek objects to Debtor's seeking a discharge of his debt to Fleet Consumer Loan Collections in the alleged amount of $1,382.33 plus interest and late fees.  (See Schedule F of Debtor's Petition).

20.    Upon information and belief, Mrs. Moroknek is a co-owner of this joint-checking account, and if the debtor is discharged, she would be solely responsible for payment of this bill.

21.    Mrs. Moroknek objects to Debtor's seeking a discharge of his debt to Lewisky a/k/a Lewisy Oil in the alleged amount of $1,250.00 (See Schedule F of Debtor's Petition).

22.    Upon information and belief, this bill arises out of fuel oil service which has been provided to the Debtor and Mrs. Moroknek for heating the marital residence.

23.    Upon information and belief, Pursuant to the State Court's Pendente Lite Order, the Debtor was solely responsible for paying this bill.

24.    Should the debtor be discharged from paying this bill, Mrs. Moroknek would be solely responsible for paying it.

25.    Mrs. Moroknek objects to Debtor's seeking a discharge of his debt to North Shore Tree & Landscaping in the alleged amount of $2,419.55 (See Schedule F of Debtor's

-4-

Petition).

26. Upon information and belief, this bill arises from necessary repairs to the grounds surrounding the marital residence.

27. Upon information and belief, Pursuant to the State Court's Pendente Lite Order, the Debtor was solely responsible for paying this bill.

28. Should the debtor be discharged from paying this bill, Mrs. Moroknek will be solely responsible for paying it.

29. Mrs. Moroknek objects to Debtor's seeking a discharge of his debt to Rand Consulting Group in the alleged amount of $2,170.00 (See Schedule F of Debtor's Petition).

30. Upon information and belief, this bill arises out of forensic accounting services which have been provided to the Debtor and Mrs. Moroknek during their divorce action.

31. Upon information and belief, Pursuant to a State Court Order, the Debtor was ordered to pay this bill.

32. Should the debtor be discharged from paying this bill, Mrs. Moroknek will be solely responsible for paying it.

33. Mrs. Moroknek objects to Debtor's seeking a discharge of his debt to St. Catherine of Sienna Hospital in the alleged amount of $690.00 (See Schedule F of Debtor's Petition).

34. Upon information and belief, this bill arises out of emergency health care provided to Mrs. Moroknek.

35. Upon information and belief, Pursuant to the State Court Pendente Lite Order, the Debtor was ordered to pay this bill.

36. Should the debtor be discharged from paying this bill, Mrs. Moroknek will be solely

responsible for paying it.

37. Mrs. Moroknek objects to Debtor's seeking a discharge of his debt to Chase Automotive Finance in the alleged amount of $335.00/month for four (4) years. (See Schedule G of Debtor's Petition).

38. Upon information and belief, Pursuant to the State Court Pendente Lite Order, the Debtor was ordered to pay this bill.

39. Should the debtor be discharged from paying this bill, Mrs. Moroknek will be solely responsible for paying it.

40. Mrs. Moroknek objects to Debtor's seeking a discharge of his debt to Mrs. Moroknek for Court Ordered Expenses estimated to be $21,098.00 at the time of filing and Maintenance Arrears estimated to be $16,000.00 at the time of filing. (See Schedule E of Debtor's Petition).

41. Upon information and belief, Pursuant to the State Court Pendente Lite Order, the Debtor was ordered to pay these expenses and arrears.

42. Mrs. Moroknek objects to Debtor's seeking a discharge of his debt to Bank of America for the mortgage payment on the residence owned by the entirety by Debtor and Mrs. Moroknek.

43. Debtor was ordered to pay the mortgage pursuant to the State Court Pendente Lite Order.

44. Should the debtor be discharged from paying this bill, Mrs. Moroknek may be solely responsible for paying it.

## FIRST CAUSE OF ACTION

45.   Third-Party Plaintiff repeats, realleges and asserts those allegations contained in paragraphs enumerated "1" through "44".

46.   Pursuant to 11 U.S.C. 727(a)(3), the Court should not grant the Debtor a discharge as against the Defendant/Third-Party Plaintiff, because, upon information and belief, the Debtor has unjustifiably concealed, destroyed, mutilated, falsified, or failed to keep or preserve records from the which the debtor's financial condition or business transactions might be ascertained.

## SECOND CAUSE OF ACTION

47.   Third-Party Plaintiff repeats, realleges and asserts those allegations contained in paragraphs enumerated "1" through "46".

48.   Pursuant to 11 U.S.C. 727(a)(4)(A), the Court should not grant the Debtor a discharge as against the Defendant/Third-Party Plaintiff, because, upon information and belief, the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account.

## THIRD CAUSE OF ACTION

49.   Third-Party Plaintiff repeats, realleges and asserts those allegations contained in paragraphs enumerated "1" through "48".

50.   Pursuant to 11 U.S.C. 727(a)(4)(B), the Court should not grant the Debtor a discharge as against the Defendant/Third-Party Plaintiff, because, upon information and belief,

the debtor knowingly and fraudulently, in or in connection with the case presented or used a false claim.

## FOURTH CAUSE OF ACTION

51. Third-Party Plaintiff repeats, realleges and asserts those allegations contained in paragraphs enumerated "1" through "50".

52. Pursuant to 11 U.S.C. 727(a)(5), the Court should not grant the Debtor a discharge as against the Defendant/Third-Party Plaintiff, because, upon information and belief, the Debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet debtor's liabilities.

## FIFTH CAUSE OF ACTION

53. Third-Party Plaintiff repeats, realleges and asserts those allegations contained in paragraphs enumerated "1" through "52".

54. Pursuant to 11 U.S.C. 727(a)(6)(B), the Court should not grant the Debtor a discharge as against the Defendant/Third-Party Plaintiff, because, upon information and belief, the Debtor has or will refuse, on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked.

-8-

## SIXTH CAUSE OF ACTION

55.   Third-Party Plaintiff repeats, realleges and asserts those allegations contained in paragraphs enumerated "1" through "54".

56.   Pursuant to 11 U.S.C. 727(a)(7), the Court should not grant the Debtor a discharge as against the Defendant/Third-Party Plaintiff, because, upon information and belief, the Debtor has asserted his privilege against self-incrimination, within one year prior to his bankruptcy filing in his divorce action now pending in the New York State Supreme Court, County of Nassau.

## SEVENTH CAUSE OF ACTION

57.   Third-Party Plaintiff repeats, realleges and asserts those allegations contained in paragraphs enumerated "1" through "56".

58.   Should Debtor be granted the discharges as against the Defendant/Third-Party Plaintiff, Defendant/Third-Party Plaintiff would be unduly harmed and financially ruined.

WHEREFORE, Defendant/Third-Party Plaintiff respectfully requests that this Court enter a judgment in Defendant/Third-Party Plaintiff's favor as against the Debtor: (1) denying the Debtor any discharge as against the Defendant/Third-Party Plaintiff; (2) awarding the Defendant/Third-Party Plaintiff reimbursement by Debtor for attorney's fees and costs incurred by Defendant/Third-Party Plaintiff in commencing and litigating this action; and (3)

-9-

for such other and further relief as this Court deems, just, proper and equitable.

Dated: Garden City, New York
       July 28, 2004

Yours, etc.,

_____
GLENN J. INGOGLIA, ESQ. (GI 1655)
Attorney for Creditor
VIVIAN MOROKNEK
1461 Franklin Avenue
Garden City, New York 11530
(516) 248-2095
(516) 248-2093 Fax

TO:

The Law Offices of
Scott R. Schneider
Attorney for Debtor
MICHAEL N. MOROKNEK
117 Broadway
Hicksville, New York 11801
(516) 433-1555


Bankruptcy Trustee
Marc A. Pergament, Esq.
Weinberg, Gross & Pergament
400 Garden City Plaza
Suite 403
Garden City, New York 11530
(516) 877-2424

-10-

## AFFIRMATION OF SERVICE

**GLENN J. INGOGLIA, ESQ.**, an attorney duly admitted to practice before the Courts of the State of New York, as well as before the U.S. District Courts for the Southern and Eastern Districts of New York, does hereby state the following under the penalties of perjury:

I represent the creditor, **VIVIAN MOROKNEK**, with regard to the above-captioned matter. I am over the age of 18 years and not a party to this action. On the 28th Day of July, 2004, I served the within **THIRD-PARTY COMPLAINT** and **THIRD-PARTY SUMMONS AND NOTICE OF PRE-TRIAL CONFERENCE** by mailing a true copy thereof via First Class U.S. Mail to the following parties/attorneys:

To:

The Law Offices of
Scott R. Schneider
Attorney for Debtor
MICHAEL N. MOROKNEK
117 Broadway
Hicksville, New York 11801
(516) 433-1555

Bankruptcy Trustee
Marc A. Pergament, Esq.
Weinberg, Gross & Pergament
400 Garden City Plaza
Suite 403
Garden City, New York 11530
(516) 877-2424

Hon. Melanie L. Cyganowski
United States Bankruptcy Court
Long Island Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

Dated: Garden City, New York
        July 28, 2004

GLENN J. INGOGLIA, ESQ. (GI1655)

-11-