# DOMINIC A. BARBARA
ATTORNEY AT LAW
1100 STEWART AVENUE
GARDEN CITY, NEW YORK 11530

___

DOMINIC A. BARBARA
___

LESLIE J. ALTMAN
N. SCOTT BANKS
JASON M. BARBARA
LESLIE F. BARBARA
CAROL HARROW BERNSTEIN
MARILYN B. CHINITZ
CHARLES FERZOLA
DOROTHY M. GOING
ANDREA D. HOROWITZ
STEVEN D. KOMMOR
CINDY A. PRUSINOWSKI

TELEPHONE: (516) 222-2333
FACSIMILE: (516) 222-2935

711 THIRD AVENUE
20th FLOOR
NEW YORK, N.Y 10017
(212) 784-1464

___

RONALD J. ROSENBERG
MITCHELL J. STUDLEY
Of Counsel

March 30, 2004

Barry J. Gross, Esq.
Parola, Gross & Marino, P.C.
775 Wantagh Avenue
Wantagh, New York 11793

**MAR 3 1 2004**

Re: Moroknek v. Moroknek

Dear Barry:

Enclosed is a copy of minutes of February 27, 2004.

Very truly yours,

Dorothy M. Going

DMG:ar
Enc.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU: TRIAL TERM PART 5
----------------------------------------X
MICHAEL MOROKNEK,

INDEX NO.
203423/2001

Plaintiff,

- against -

VIVIAN MOROKNEK,



Defendant.
----------------------------------------X
Mineola, New York
February 27, 2004

B E F O R E:  HON. JOSEPH A. DeMARO,
Supreme Court Justice

A P P E A R A N C E S:

DOMINIC A. BARBARA
Attorneys for Plaintiff
1100 Stewart Avenue
Garden City, New York   11530
BY:  DOROTHY M. GOING, ESQ.

PAROLA, GROSS & MARINO, P.C.
Attorneys for Defendant
775 Wantagh Avenue
Wantagh, New York  11893
BY:  BARRY J. GROSS, ESQ.

Stipulation

JANINE KREBS, CSR, RPR
Official Court Reporter

Moroknek v. Moroknek                    2

MR. GROSS:  With your permission we would like to either close the contempt hearing or perhaps adjourn it one week.  We think we have a full -- we do have a full resolution of this matrimonial and we are going to prepare a stipulation of settlement and perhaps do an inquest in a very short time.  We would like if your Honor will permit is to just put the outline of that stipulation on the record so it's clear to both parties what they will be signing and there will be no changes once they walk out of the courtroom.

THE COURT:  I have no problem with whatever you said.

MR. GROSS:  Thank you, your Honor.  I will read the outline and speak slowly, ask the parties to listen carefully although we will not do a voir dire and ask if Ms. Going has a problem with anything I say to just indicate that and with the Court's permission we will go off the record and cure the issue.

Number 1.  The marital residence will be deeded over to Mrs. Moroknek and it will be absolutely free and clear of all liens,



jk

judgments, mortgages and the like with the exception of the first mortgage.

Number 2. Mr. Moroknek will keep his accounting practice.

Number 3. Except as set forth below Mrs. Moroknek waives her arrears under the pendente lite order.

Number 4. Mr. Moroknek shall pay maintenance of $1,000 a month for five years commencing May 1, 2003 and that maintenance will --

MS. GOING: 4.

THE COURT: 2004.

MR. GROSS: Thank you. I was only a year off. May 1, 2004 and that maintenance will cease only upon the remarriage of Mrs. Moroknek.

5. With respect to health insurance, one of two things is going to happen. First is Mr. Moroknek will pay 5 years worth of Mrs. Moroknek's health insurance and alternative is Mr. Moroknek will give Mrs. Moroknek $500.00 a month. The parties have not agreed on that but both believe that one or the other will be acceptable to both of them and we will in fact

jk

Moroknek v. Moroknek                                    4

have an agreement.

6.   Mr. Moroknek's KEOGH which may in fact be a SEP plan shall by divided evenly.

Number 7.   The parties own a time-share and that time-share will be the sole property of Mr. Moroknek.

Number 8.   If there is any stock that is left over that will be split.

Number 9.   Mr. Moroknek shall pay to Mrs. Moroknek $10,000 in maintenance arrears.

Number 10.   Mr. Moroknek shall pay to my office $20,000 towards our counsel fees.

Number 11.   Items 9 and 10, the two aforesaid payments shall be paid as follows; $15,000 of which on or before May 1st; $15,000 the balance on or before July 1st.

12.   If Mr. Moroknek fails to make either timely payment he is in fact agreeing that he is currently adjudicated in contempt of court and that we will return to court either May 3rd if he is in default on the May 1st payment or the first court day after July 1st in order for the court to pronounce sentence.   That would be July 6th, your Honor.

jk

Moroknek v. Moroknek                              5

Number 13.   Mr. Moroknek shall continue to pay the mortgage on the marital residence for the months of February, March and April and that by the end of April the mortgage will be completely up to date for all payments, including but not limited to August late charges.

Number 14.   The parties have certain cash value life insurance and that shall be divided evenly.

Number 15.   Mr. Moroknek shall pay all debts in his name, all debts in joint name including the two lines of credit.

Number 16.   Your Honor may I have a moment with counsel?

THE COURT:   Sure.

(A discussion was held off the record.)

MR. GROSS:   Your Honor, with regard to 15, continuing, Mr. Moroknek's obligation with respect to the debts does not include items that Mrs. Moroknek occurred after the commencement of the action.   I may need a moment with my client but I want to read the last item.

With respect to the car loan on Mrs.

jk

Moroknek v. Moroknek                                    6

Moroknek's car Mr. Moroknek shall pay the car loan in full up through and including March 31, 2004, including any late charges.

Judge, if I could have a moment with my client.

THE COURT:  Sure.

(A discussion was held off the record.)

MR. GROSS:  Your Honor, number 17, the car that Mr. Moroknek is driving shall be his sole property, the car that Mrs. Moroknek is driving shall be her sole property.  In addition there is a van which will also be her sole property.

With respect to number 1, with regard to the marital residence, all of the contents of the marital residence shall belong to Mrs. Moroknek.

That concludes our understanding.  A moment with counsel.

THE COURT:  Sure.

(A discussion was held off the record.)

MR. GROSS:  Your Honor, I believe we are up to 17.  The money market account exists as of today, that account will be split evenly.

Number 18, your Honor, if, if and we do not

jk

Moroknek v. Moroknek                                    7

believe there are any, but if there are any of Mr. Moroknek's business files still in the marital residence we will make them available to him.

MS. GOING:  Or any personal property of Mr. Moroknek.

MR. GROSS:  Personal effects.

MS. GOING:  Clothing.

MR. GROSS:  Clothing, things easily identifiable with him, shaving.  I am talking about -- I don't want to use the word intimate but that is the one popping into my mind.  Your Honor, we would like to try to accomplish all of this by say March 9th and failing that to come back here, your Honor, if the case remains unsettled and then leave the resolution of the contempt hearing to the decision of the Court.

THE COURT:  Do you want a date to come back here?

MS. GOING:  Yes, please.

THE COURT:  Subject to it being waived by the submission of a document in that regard.

MS. GOING:  Yes, Judge.  This way if we need to we will sign it right here.  I am going

jk

Moroknek v. Moroknek                    8

to ask if Mrs. Moroknek has any personal property or business property belonging to Mr. Moroknek if she could maybe bring them to court.

MR. GROSS: We will do if it's not so bulky.

MR. MOROKNEK: May I say what it is and she may not know. There are some file boxes in the back bedroom on the top floor of the house.

MR. GROSS: Okay. We will search and if they are there we will arrange either to bring them or if that's too bulky we will find another methodology.

THE COURT: Well, it's not terribly inappropriate, counsel, if there is some thing that plaintiff considers considerable or of value to have counsel meet at the house.

MR. GROSS: We will work that out. Thank you. I appreciate the suggestion. If we could come back March 9th or 10th. Are either of those days convenient?

THE COURT: Sure, the 10th.

MS. GOING: That's great.

MR. GROSS: Your Honor, further again with regard to the contempt hearing I don't mean to

jk

Moroknek v. Moroknek                                    9

be pessimistic, but that the record is closed with regard to the contempt hearing.  In other words there will be no further witnesses, testimony?

THE COURT:  The contempt hearing as I understand it was finished when I started talking and now there is something else that interrupts me doing anything about it.

MR. GROSS:  Yes.

THE COURT:  We will leave that an interruption until the time.

MR. GROSS:  Thank you.

MS. GOING:  Judge, that is at 9:30 on March 10th?

THE COURT:  Yes, ma'am.

MS. GOING:  Thank you very much.

THE COURT:  Is what we have done here today agreeable with you in principle, Mr. Moroknek?

MR. MOROKNEK:  Yes, your Honor.

THE COURT:  Mrs. Moroknek?

MRS. MOROKNEK:  Yes.

THE COURT:  Have a nice weekend everybody.

jk

## CERTIFICATION

I, JANINE KREBS, RPR, CSR, Official Court Reporter, hereby certify that the above is a true and accurate transcript of the proceedings.

_____
JANINE KREBS, RPR, CSR
Official Court Reporter

jk