UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In Re:                                        Chapter 7
                                              Case No.: 804-82632-511

MICHAEL MOROKNEK,

                    Debtor.                   Hon. Melanie L. Cyganowski

----------------------------------------------------------X

VIVIAN MOROKNEK,

            Third–Party Plaintiff,           Adversary Proceeding
                                             No. 804-08554-511

      -against-                              *AMENDED* COMPLAINT

MICHAEL MOROKNEK,

            Third-Party Defendant.
--------------------------------------------------------X

Third-party Plaintiff, Vivian Moroknek, representing herself, pro se, does allege the

following as against the Debtor, MICHAEL N. MOROKNEK, upon information and

belief:

### JURISDICTION AND VENUE

1. This Third-Party Complaint is commenced pursuant to 11 U.S.C. 727, F.R.B.P.

   Rules 7001, 7014 and F.R.C.P. Rules 7, 8, 9,10, 11 and  14.

2. This Court has subject matter jurisdiction over this proceeding pursuant to U.S.C.

   157 (a) and   1334 (b).

3. This Court has venue pursuant to 28 U.S. C. 1409 (a).

4. The Third-Party Complainant is objecting to the Discharges being sought by the

   Debtor and/or objecting to the dischargeability of particular debts of the debtor.

1

5. The claim for relief in this proceeding is a "core proceeding within the meaning of U.S.C. 157 (b)(2).

## FACTUAL ALLEGATIONS

6. In September 2001, the Plaintiff and the Debtor commenced a Divorce action still pending in the Supreme Court of the State of New York, county of Nassau, with the Index Number 203423/01.

7. The unresolved issues in the divorce action pertain to dissolution of the marriage, equitable distribution, support and maintenance.

8. The Plaintiff and Defendant/Debtor were married in 1984. They have no children. At the time of this bankruptcy filing, they owned a home in its entirety. Said home is located at 11 Grove Place, Northport, New York 11768.

9. The Plaintiff, VIVIAN MOROKNEK resides in said residence and, as of March 24, 2005, is deeded the sole owner of that property, having paid the sum of $175,000.00 to Marc A. Pergament, U. S. Trustee of the Estate of Michael N. Moroknek, in full settlement of Adversary Proceeding No. 804-08386-511, dated June 14, 2004 in which she was named as Defendant.

10. The Defendant/Debtor, is a licensed CPA. He obtained that license during the course of their marriage. They also own an accounting practice that was developed during their marriage and was completely supported for their entire marriage, from the funds in their joint marital bank accounts representing the earned incomes of both parties.

2

11. Throughout the divorce, the Defendant/Debtor, MICHAEL MOROKNEK has exhibited ongoing behavior that can be described as "abusive" and "vengeful" toward the Plaintiff.

12. In June, 2002, the Defendant/Debtor, was arrested for violating an existing Order of Protection, when he physically attacked the Defendant in her residence.  He was removed from the home which, at that time, they owned and in which they had both resided, and he was ordered not to return.  In December 2002 a permanent restraining order against MICHAEL MOROKNEK was issued by Judge Senzer of the Criminal Court of the Village of Northport, NY.

13.  In the Divorce action, an order for Exclusive Occupancy was awarded to VIVIAN MOROKNEK on October 15, 2003 by Justice Kenneth Diamond in NYS Supreme Court.

14. In June 2002, the Defendant/Debtor ceased contributing to all of the carrying costs of the marital residence without notice, nearly forcing the house into a foreclosure proceeding.

15. In December 2002, the Plaintiff, VIVIAN MOROKNEK was awarded Pendente Lite relief from the NYS Supreme Court in the Divorce action. Pursuant to the Pendente Lite Order the Defendant/Debtor, MICHAEL MOROKNEK, was ordered to pay VIVIAN MOROKNEK maintenance, as well as pay for the ongoing carrying costs for the home, including the mortgage, homeowners and life insurance, health insurance, all utility bills, her automobile loan, medical expenses not covered by their policy and necessary repairs to the marital residence and property.

MICHAEL MOROKNEK was also ordered to reimburse VIVIAN MOROKNEK for those expenses that she had paid in arrears, from August 2002 forward.

16. On February 27, 2004, a Contempt Hearing was held in the Supreme Court of the State of New York, County of Nassau. The Hon. Joseph A. DeMaro, J.S.C. presided over said hearing. At issue was the Defendant/Debtor's failure to his obligations pursuant to the Pendente Lite Order for by the time of the hearing, the alleged amount of $44,430.11.

17. In that hearing, the attorney for the Defendant/Debtor, MICHAEL MOROKNEK, acting on his behalf and with his consent, repeatedly asserted his rights under the Fifth Amendment when attempts were made to question him about the discrepancies between his income claims to that court in sworn affidavit, and the various, differing tax returns for the same years that he had issued as proof of income to different agencies, including the IRS and Berkshire Disability Insurance Company. Those tax returns show income for the same year, which have been documented, varying in gross income between $49,349.00 and $191,633.00, respectively.

18. At the conclusion of that hearing, the Defendant/Debtor proposed a settlement whereby the Plaintiff was to receive the deed to their home clear of all liens except the Bank of America Mortgage, and he was to receive full ownership of their accounting practice. The proposal was accepted by the Plaintiff, VIVIAN MOROKNEK, and an outline was placed into the court record on February 27, 2004. Judge DeMaro temporarily deferred ruling on the contempt case to allow the settlement to proceed.

19. At the specific request of the Defendant/Debtor, to allow Mr. Moroknek to focus on his busy tax season, in which he produces his highest earnings for the year, Judge DeMaro granted that the proceedings were adjourned until April 21, 2005, for either the entering of a stipulation of settlement or should the parties not agree, the entering of a decision with regard to the contempt proceeding.

20. Upon information and belief, the Defendant/Debtor knew that if he did not settle the divorce case by April 21, 2004 he would likely be sentenced to jail for contempt.

21. On April 20, 2004, the Defendant/Debtor filed the Bankruptcy Petition now before the Court in order to thwart the State Court's decision to incarcerate the Defendant/Debtor for contempt and to thwart deeding the ownership of the home to Vivian Moroknek, by filing a Chapter 7 Petition, so that all marital assets would become part of his Bankruptcy estate and, if discharge is ultimately granted, their joint marital debt would become the sole responsibility of Vivian Moroknek, the non-debtor spouse.

22. On April 22, 2004, the State Court issued an order finding the Defendant/Debtor in contempt because, in the Sate Court's view, the Defendant/Debtor, "obfuscated his income…and has done so during the course of the trial of this matter by among other things invoking his privilege against self incrimination as to a past income tax return."

23. Upon information and belief, the Defendant/Debtor has filed for bankruptcy in order to prevent his incarceration pursuant to the contempt order issued in the State Court.

**OBJECTIONS TO DISCHARGES**

24. The Plaintiff, Vivian Moroknek, objects to Defendant/Debtor's seeking a discharge of his debt to Citibank, in the alleged amount of $4,763.91 plus interest and late fees. (See Schedule F of Debtor's Petition).

25. Upon information and belief, the Plaintiff, Vivian Moroknek is a co-owner of this joint checking account and if the Chapter 7 Bankruptcy is discharged, she would be solely responsible for payment of this bill. The amount represents an overdraft loan in September 2001 that the Defendant/Debtor withdrew at the onset of their divorce to create that debt.

26. The Plaintiff, VIVIAN MOROKNEK, objects to Defendant/Debtor's seeking a discharge of his debt to Fleet Bank a/k/a Fleet Consumer Loan Collections in the alleged amount of $1,382.33 plus interest and late fees (See Schedule F of Debtor's Petition).

27. Upon information and belief, Vivian Moroknek is a co-owner of this joint checking account and if the debtor is discharged, she would be solely responsible for payment of this bill. The amount represents an overdraft loan in September 2001 that the Debtor withdrew at the onset of their divorce to create that debt.

28. The Plaintiff, VIVIAN MOROKNEK, objects to Defendant/Debtor's seeking a discharge of his debt to Lewisky a/k/a Lewisy Oil in the alleged amount of $1,250.00 (See Schedule F of Debtor's Petition).

29. Upon information and belief, this bill arises out of fuel oil service which has been provided to the Defendant/Debtor and Plaintiff for heating the marital residence.

30. Upon information and belief, pursuant to the State Court's Pendente Lite Order, the Defendant/Debtor was solely responsible for paying this bill.

31. Should the Defendant/Debtor be discharged from paying this bill, Vivian Moroknek would be solely responsible for paying it.

32. The Plaintiff, VIVIAN MOROKNEK, objects to Defendant/Debtor's seeking a discharge of his debt to North Shore Tree & Landscaping in the alleged amount of $2,419.55 (See Schedule F of Debtor's Petition).

33. Upon information and belief, this bill arises from necessary repairs to the grounds surrounding the marital residence, due to storm damage.

34. Upon information and belief, Pursuant to the State Court's Pendente Lite Order, the Defendant/Debtor was solely responsible for paying this bill.

35. Should the Defendant/Debtor be discharged from paying this bill, Vivian Moroknek would be solely responsible for paying it.

36. The Plaintiff, VIVIAN MOROKNEK, objects to Defendant/Debtor's seeking a discharge of his debt to Rand Consulting Group in the alleged amount of $2,170.00 (See Schedule F of Debtor's Petition).

37. Upon information and belief, this bill arises out of forensic accounting services which have been provided to the Defendant/Debtor and the Plaintiff during their divorce action.

38. Upon information and belief, Pursuant to a State Court Order, the Defendant/Debtor was ordered to pay this bill.

39. Should the Defendant/Debtor be discharged from paying this bill, Vivian Moroknek would be solely responsible for paying it.

40. The Plaintiff, VIVIAN MOROKNEK, objects to Defendant/Debtor's seeking a discharge of his debt to St. Catherine of Sienna Hospital in the alleged amount of $690.00 (See Schedule F of Debtor's Petition).

41. Upon information and belief, this bill arises from emergency health care provided to Vivian Moroknek.

42. Pursuant to the State Court's Pendente Lite Order, the Defendant/Debtor was solely responsible for paying this bill.

43. Should the Defendant/Debtor be discharged from paying this bill, Vivian Moroknek will be solely responsible for paying it.

44. The Plaintiff, VIVIAN MOROKNEK, objects to Defendant/Debtor's seeking a discharge of his debt to Chase Automotive Finance in the alleged amount of $335.00/month for four (4) years, plus interest and late fees. ( see Schedule G of Debtor's Petition).

45. Upon information and belief, Pursuant to the State Court's Pendente Lite Order, the Defendant/Debtor was ordered to pay this bill.

46. Should the Defendant/Debtor be discharged from paying this bill, Vivian Moroknek will be solely responsible for paying it.

47. The Plaintiff, VIVIAN MOROKNEK, objects to Defendant/Debtor's seeking a discharge of his debt for Court Ordered Expenses allegedly estimated to be $21,098.00 at the time of filing and Maintenance Arrears allegedly estimated to be $16,000.00 at the time of filing. See Schedule E of Debtor's Petition).

48. Upon information and belief, Pursuant to the State Court's Pendente Lite Order, the Defendant/Debtor was ordered to pay for these expenses and arrears.

49. The Plaintiff, VIVIAN MOROKNEK, objects to Defendant/Debtor's seeking a discharge of his debt to Bank of America for the mortgage payment on the residence that, at the time of the Bankruptcy filing was owned by the entirety by Defendant/Debtor and Plaintiff.

50. The Defendant/Debtor was ordered to pay the mortgage pursuant to the NYS Supreme Court Pendente Lite Order.

51. Should the Defendant/Debtor be discharged from paying this bill, Vivian Moroknek would be solely responsible for paying it.

## FIRST CAUSE OF ACTION

52. Third-Party Plaintiff repeats, re-alleges and asserts those allegations contained in paragraphs enumerated "1" through "51".

53. Pursuant to 11 U.S.C. 727 (a)(3), the Court should not grant the Defendant/Debtor a discharge as against the Third-Party Plaintiff, because, upon information and belief, the Defendant/Debtor has unjustifiably concealed destroyed, mutilated, falsified or failed to keep or preserve records from which the Defendant/Debtor's financial condition or business transactions might be ascertained.

## SECOND CAUSE OF ACTION

54. Third-Party Plaintiff repeats, re-alleges and asserts those allegations contained in paragraphs enumerated "1" through "53".

55. Pursuant to 11 U.S.C. 727 (a)(4)(A), the court should not grant the Defendant/Debtor a discharge as against the Third-Party Plaintiff, because, upon

9

information and belief, the Defendant/Debtor knowingly and fraudulently, in or in connection with the case made a false oath or account.

## THIRD CAUSE OF ACTION

56. Third-Party Plaintiff repeats, re-alleges and asserts those allegations contained in paragraphs enumerated "1" through "55".

57. Pursuant to 11 U.S.C. 727 (a)(4)(B), the Court should not grant the Defendant/Debtor a discharge as against the Third-Party Plaintiff, because, upon information and belief, the Defendant/Debtor knowingly and fraudulently, in or in connection with the case presented or used a false claim.

## FOURTH CAUSE OF ACTION

58. Third-Party Plaintiff repeats, re-alleges and asserts those allegations contained in paragraphs enumerated "1" through "57".

59. Pursuant to 11 U.S.C. 727 (a)(5), the Court should not grant the Defendant/Debtor a discharge as against the Third-Party Plaintiff, because, upon information and belief, the Defendant/Debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet debtor's liabilities.

## FIFTH CAUSE OF ACTION

60. Third-Party Plaintiff repeats re-alleges and asserts those allegations contained in paragraphs enumerated "1" through "59".

61. Pursuant to 11 U.S.C. 727 (a)(6)(B), the Court should not grant the Defendant/Debtor a discharge as against the Third-Party Plaintiff, because, upon information and belief, the Defendant/Debtor has or will refuse, on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the Defendant/Debtor has been granted immunity with respect to the matter concerning which such privilege was invoked.

## SIXTH CAUSE OF ACTION

62. Third-Party Plaintiff repeats, re-alleges and asserts those allegations contained in paragraphs enumerated "1" through "61".

63. Pursuant to 11 U.S.C. 727 (a)(7), the Court should not grant the Defendant/Debtor a discharge as against the Third-Party Plaintiff, because, upon information and belief, the Debtor has asserted his privilege against self-incrimination, within one year prior to his bankruptcy filing in his divorce action now pending in the New York State Supreme Court, County of Nassau.

## SEVENTH CAUSE OF ACTION

64. Third-Party Plaintiff repeats, re-alleges and asserts those allegations contained in paragraphs enumerated "1" through "63".

65. Should the Defendant/Debtor be granted the discharges as against the Third-Party Plaintiff, the Third-Party Plaintiff would be unduly harmed and financially ruined.

WHEREFORE, Third-Party Plaintiff respectfully requests that this Court enter a judgment in Third-Party Plaintiff's favor as against the Defendant/Debtor: (1) denying the Defendant/Debtor any discharge as against the Third-Party Plaintiff; (2) awarding the Third-Party Plaintiff reimbursement by Defendant/Debtor for attorney's fees and costs incurred by the Third-Party Plaintiff in commencing and litigating this action, since May, 2004; and (3) either awarding the Third-Party Plaintiff reimbursement by Defendant/Debtor in the amount of $175,000.00 paid in December 2004, to the U.S. Trustee Marc A. Pergament, in settlement of Adversary Proceeding No. 804-08386-511 or directing the U.S. Trustee to release said funds, currently in escrow, to the Third-Party Plaintiff, as is appropriate; and for such other and further relief as this Court deems just, proper and equitable.

Yours, etc.

DATED: MAY 26, 2005

VIVIAN MOROKNEK
11 GROVE PLACE
NORTHPORT, NY 11768
631-757-2530

12